UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PRECIOUS CHARLEMAGNE and
LANCE COFIELD,

Plaintiffs, 25-CV-0991-MAV

-vs- ORDER

SILVER POINT MANAGEMENT LLC,

Defendant.

Plaintiffs Precious Charlemagne and Lance Cofield filed the present action in October 2025 alleging this Court has diversity jurisdiction over their state law claims against Defendant Silver Point Management LLC. ECF No. 1. Plaintiffs did not pay the filing fee but applied for leave to proceed in forma pauperis ("IFP"). ECF No. 2. Subsequently, they filed a motion for default judgment (ECF No. 5), and a motion for service by the United States Marshals (ECF No. 11). Defendant has filed a motion to dismiss. ECF No. 6.

As an initial matter, the Court denies without prejudice Plaintiffs' motions for default judgment and service by the Marshals. Rule 4(b) of the Local Rules of Civil Procedure of the Western District of New York authorizes service by the United States Marshals only after a pro se plaintiff has been authorized to proceed IFP. *See, e.g., Meadows v. Erie Cnty. Dep't of Soc. Servs.*, No. 23-CV-920-LJV, 2024 WL 2319829, at *1 n.1 (W.D.N.Y. May 22, 2024) (discussing Loc. R. Civ. P. 4(b)). Here, Plaintiffs' complaint did not proceed to service, because their joint motion for IFP was still pending. Further, "[a] default judgment may not be granted . . . if the defendant has not been effectively served with process." *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687

(S.D.N.Y. 2014) (internal quotation marks and citation omitted). Here, because Plaintiffs' complaint did not proceed to service, default judgment may not be granted.

For the reasons that follow, the Court finds that Defendant's motion to dismiss must be granted, and Plaintiffs' complaint must be dismissed without prejudice.

**BACKGROUND**

The following background is drawn from Plaintiffs' pro se complaint. ECF No. 1. The Court has accepted all factual allegations as true, and draws all reasonable inferences in Plaintiffs' favor. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).

Plaintiffs allege that they are tenants in an apartment complex owned by the Defendant company, which they assert to be based in Montvale, New Jersey. ECF No. 1 at 1.[1] They allege that they reported black mold growing on their shower ceiling in December 2024 through Defendant's portal, and made a second report in April 2025, but that Defendant did not follow-up except to give them a bottle of Clorox – with no protective equipment and no training – to clean-up the mold on their own. *Id.* at 3, 5. Plaintiffs further allege that they then made a third report in August 2025, but that there was no follow-up at all. *Id.* at 3. As a result, Plaintiffs bought three mold testers in September 2025. *Id.* at 3–4.

Plaintiffs filed the instant complaint on October 6, 2025 "seeking $30,000,000 in neglect, violation of [habitability] standards and the severe emotional distress caused by being left to live with and attempt to handle potential toxins without proper landlord actions." *Id.* at 4.

---

[1] The page numbers cited in this Decision and Order refer to the pagination inserted by the Court's CM/ECF system in the upper right-hand corner of the document.

## LEGAL STANDARD

Federal courts are courts of "limited jurisdiction," which means that they cannot hear just any case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court can typically adjudicate only three types of claims:

> (1) those that "aris[e] under the Constitution, laws, or treaties of the United States"—so-called "federal question" jurisdiction under 28 U.S.C. § 1331; (2) disputes between citizens of different states, where the amount in controversy exceeds $75,000—"diversity jurisdiction" under 28 U.S.C. § 1332; and, under certain circumstances, (3) other claims that are "so related" to an "original jurisdiction" claim that they "form part of the same case or controversy under Article III of the United States Constitution"—"supplemental jurisdiction" under 28 U.S.C. § 1367(a).

*Dor v. Google LLC*, No. 3:25-CV-01915 (SVN), 2026 WL 438112, at *2 (D. Conn. Feb. 13, 2026). If "the Court 'determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.'" *Jones v. Free & Accepted Masons*, 685 F. Supp. 3d 148, 151 (W.D.N.Y. 2023) (collecting cases and quoting Fed. R. Civ. P. 12(h)(3)).

Generally, where screening reveals that a complaint is deficient, a pro se plaintiff must be allowed an opportunity to amend or to be heard prior to dismissal "unless the [C]ourt can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). That said, leave to amend is properly denied where amendment would be futile. *See, e.g., Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

## DISCUSSION

Plaintiffs allege the Court has diversity jurisdiction over this matter. To invoke a federal court's diversity jurisdiction, a party must establish that: (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of costs or interest; and (2) there exists complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). Here, because Plaintiffs have not adequately alleged either, they have failed to establish this Court's subject matter jurisdiction, warranting dismissal.

Plaintiffs have not adequately alleged diversity of citizenship. The principles for assessing diversity of citizenship under 28 U.S.C. § 1332(a) are well-settled:

> "Diversity jurisdiction exists only 'when there is complete diversity between the parties – that is, when all plaintiffs are citizens of different states from all defendants.'" *Barnes v. Fort Hamilton Fam. Homes*, 524 F. Supp. 3d 40, 42 (E.D.N.Y. 2021) (quoting *Lawrence v. HHC TRS FP Portfolio, LLC*, No. 20-cv-4843, 2020 WL 6273946, at *1 (E.D.N.Y. Oct. 26, 2020)). "[I]t is well established that [t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (quotations and citation omitted). "'[C]itizens of different States' means that there must be complete diversity, i.e., that each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) . . . .

*Harkins v. Citizens Bank*, 744 F. Supp. 3d 268, 273 (W.D.N.Y. 2024).

Although the complaint alleges that Defendant is a citizen of New Jersey with an address in Montvale, New Jersey (ECF No. 1 at 1–2), "[i]n general, the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). Thus, "[c]itizenship of all members must be known to insure that complete diversity exists in this action."

*Rush v. Hillside Buffalo*, LLC, 314 F. Supp. 3d 477, 481 (W.D.N.Y. 2018) (internal quotation marks and citation omitted). Here, Plaintiffs do not identify any members of Defendant, let alone their respective citizenship, leaving the Court unable to determine whether the parties are, in fact, "diverse" under 28 U.S.C. § 1332(a)(2). Further, in its motion to dismiss, Defendant indicates that it is a domestic New York entity, on file with the New York Secretary of State, and that two of its members are residents and citizens of New York. ECF No. 6-6 at 5.

Plaintiffs have also failed to adequately demonstrate that the amount in controversy exceeds the sum of $75,000. The Second Circuit has held that the party invoking the Court's diversity jurisdiction bears "the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). This burden is not onerous, but "[a] plaintiff must allege facts sufficient to 'plausibly show an amount in controversy of more than $75,000.'" *Pucha v. Peters*, No. 23-CV-4113(DLI)(SJB), 2023 WL 6121797, at *2 (E.D.N.Y. Sept. 19, 2023) (quoting *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 156 (D. Conn. 2016)). Bare and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient. *Id.*; *see also Wood v. Maguire Auto. LLC*, 508 F. App'x 65, 65–66 (2d Cir. 2013) (citing *Ashcroft*, 556 U.S. at 681).

Here, although Plaintiffs allege that they had to purchase three mold testers, they do not allege any other injury from the mold than a vague assertion of emotional distress, which is unsupported by any further allegations of physical or psychological

symptoms or medical or psychological examination or treatment. ECF No. 1. In other words, Plaintiffs' assertion of damages is merely conclusory. *See, e.g., Trisvan v. Burger King Corp.*, No. 19-CV-6396 (MKB), 2020 WL 1975236, at *3 (E.D.N.Y. Apr. 24, 2020) ("Because Plaintiff fails to allege any facts supporting his claim for compensatory damages and has not provided any basis for his request for $2 million in punitive damages, Plaintiff's request for relief is speculative and insufficient to meet the amount-in-controversy requirement . . . .").

Lastly, the Court finds that leave to amend would be futile given that Plaintiffs' have demonstrated no basis to invoke this Court's subject matter jurisdiction. *See Gross v. Intratek Computer Inc.*, No. 22-CV-7440(GRB)(AYS), 2023 WL 144129, at *3 (E.D.N.Y. Jan. 10, 2023) ("Where a complaint has been dismissed for lack of subject matter jurisdiction, denial of leave to amend on the basis of futility may be appropriate.").

## CONCLUSION

For the reasons above, Plaintiffs' motions for default judgment and service by the Marshals are denied without prejudice, but their joint motion to proceed IFP is granted. Defendant's motion to dismiss for lack of jurisdiction is granted, and Plaintiffs' claims are dismissed without prejudice but without leave to amend because Plaintiffs have failed to demonstrate that this Court has diversity jurisdiction.

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' motion to proceed IFP, ECF No. 2, is GRANTED; and it is further

ORDERED that Plaintiffs' motions for default judgment, ECF No. 5, and for service by the Marshals, ECF No. 11 are DENIED WITHOUT PREJUDICE; and it is further

ORDERED that Defendant's motion to dismiss, ECF No. 6, is GRANTED; and it is further

ORDERED that Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE for failure to demonstrate this Court has subject matter jurisdiction.

SO ORDERED.

Dated: September 22, 2026
Rochester, New York

Meredith Vacca

HON. MEREDITH A. VACCA
United States District Judge